**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-10534**
**Summary Calendar**
_____

**RODNEY W. JOHNSON,**

**Plaintiff-Appellant,**

**versus**

**NANCY J. CHAPMAN; SCOTT O. ENGEL,**

**Defendants-Appellees.**

**Appeal from the United States District Court**
**for the Northern District of Texas**
**USDC No. 1:96-CV-209**

**May 11, 1998**

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

In this 42 U.S.C. § 1983 action, Rodney W. Johnson, Texas prisoner # 642258, contends that there was insufficient evidence to support the jury's verdict. Because Johnson did not move for a judgment as a matter of law at the close of the evidence or after the return of the verdict, our review is limited to "the legality of the verdict, i.e., whether there is any evidence to support the jury verdict." *Phillips v. Frey*, 20 F.3d 623, 627 (5th Cir. 1994).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We have reviewed the record and find that there is evidence to support the verdict. *See* **id.**

Johnson contends for the first time on appeal that various members of the jury venire and members of the jury were biased. Of course, our review is limited to plain error. *See* **Douglass v. United Services Auto. Ass'n.**, 79 F.3d 1415, 1428 (5th Cir. 1996)(en banc). Because this issue involves issues of fact capable of resolution in the district court, Johnson has not demonstrated such error. *See* **Robertson v. Plano City of Texas**, 70 F.3d 21, 23 (5th Cir. 1995); **United States v. Vital**, 68 F.3d 114, 119 (5th Cir. 1995).

Johnson also contends that he was denied medical treatment after the alleged use of force. The district court did not instruct the jury concerning this claim and the jury did not address it. Moreover, at trial, Johnson did not object to the jury instructions in this regard, nor does he contend now that the instructions were defective. Consequently, he has abandoned this claim on appeal. *See* **Yohey v. Collins**, 985 F.2d 222, 225 (5th Cir. 1993); **Brinkman v. Dallas County Deputy Sheriff Abner**, 813 F.2d 744, 748 (5th Cir. 1987).

For the foregoing reasons, the judgment is

*AFFIRMED.*